## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

ARTHUR DAVIS,
    Defendant

Criminal Complaint

CASE NUMBER: 07-121 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about JULY 5, 2007 in the District of Delaware, Defendant ARTHUR DAVIS did knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ____18____ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                        Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

FILED
JUL - 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Tat Shum
Special Agent, ATF

Sworn to before me and subscribed in my presence,

July 6, 2007                                at   Wilmington, DE
Date                                                    City and State

Honorable Gregory M. Sleet
Chief United States District Judge
Name & Title of Judicial Officer                 Signature of Judicial Officer

_____
Honorable Judge
United States District Court
Judicial District of Delaware

## AFFIDAVIT OF SPECIAL AGENT TAT SHUM

1. Your affiant is Special Agent Tat S. Shum. Your affiant has been a law enforcement officer for over seven years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Professional Training Course. Prior to my employment with ATF, your affiant was employed by the Pennsylvania State Attorney's Office as a State Narcotics Agent who had previously received training and conducted investigations involving the illegal use of firearms. Your affiant was also previously employed by the First Judicial District of Pennsylvania, Common Pleas and Municipal Courts, as a warrant unit investigator for the County of Philadelphia. During the course of my law enforcement career, I have participated in over 100 seizures of firearms and conducted over 150 criminal investigations involving federal firearms violations.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on July 5, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information of the Defendant Arthur DAVIS from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Carrying a Concealed Deadly Weapon on or about 5/14/07 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts, I learned the following: On July 5, 2007, based on a 911 call to WILCOM (police dispatcher), Wilmington Police responded to a gun shots complaint at a certain location in the city of Wilmington. Wilmington Police observed four subjects matching the description that was provided by WILCOM (police dispatcher) and advised them to stop at which time the Defendant Davis and a state co-defendant fled into a nearby home. Wilmington Police observed both Defendant Davis and the state defendant grab an unknown item in each of their waistbands that is consistent with that of persons attempting to hide or possess illegal firearms while they were running into the residence. The Wilmington Police gave chase but was unable to make access to the residence due to the fact that the door was locked. The Wilmington Police then observed both subjects flee from the rear of the residence. The state defendant was immediately taken into custody outside the house at the scene and Defendant Davis was arrested in the nearby

area shortly after with the assistance of the Wilmington Police K-9 unit. Wilmington Police then made contact with the owner of the residence where both subjects had entered and confirmed that neither the Defendant Davis or the state defendant resides at the location. The Wilmington Police were granted a consent search by the owner and subsequently recovered a Colt, .32 caliber pistol, serial number 306118 that was loaded with two rounds of .32 caliber ammunition and a Colt, .38 caliber revolver, serial number RD4375 that was loaded with six rounds of spent casings. During a post mirandized interview, Defendant Davis told Wilmington Police that he had the Colt, .32 caliber pistol in his possession during the incident and he witnessed the state defendant fire approximately six times at a car with another handgun. The state defendant was charged in the state because he is not a federally prohibited person.

      6. Based on the information provided by the Wilmington Police Evidence Unit officer who conducted a hands-on inspection on the above Colt .32 caliber pistol, your affiant knows that the subject weapon is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce. The Wilmington Police Evidence Unit Officer confirmed that the words Hartford, CT were engraved on the subject firearm. Your affiant knows that, based upon that engraving mark on the subject firearm, the subject firearm was manufactured in the State of Connecticut.

      7. From information provided to me by Wilmington Police Officers, Defendant Davis was cooperative and willing to speak to the police investigators. Your affiant also interviewed Defendant Davis and re-advised of his Miranda rights in the present of a Wilmington Police Officer. Defendant Davis waived his Miranda rights and signed an ATF Advice of Rights and Wavier form. During the interview, Defendant Davis re-admitted to his possession of the Colt .32 caliber pistol during the incident. He told the affiant that he fled the scene due to the fact that he was afraid as he is on probation and he had the firearm in possession at the time of the incident.

      Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

                                          _____
                                          Tat S. Shum
                                          Special Agent, ATF

Sworn to and subscribed in my presence
this 6th day of July, 2007